## Vance v. Boyce.

The right of an endorser, who has put his name on a note on the faith of the signature of the maker, and who has been compelled to pay the amount by a party by whom it was discounted before maturity, to recover against the maker, cannot be effected by the fact of the latter's being creditor of a prior endorser at the time of his endorsement.

APPEAL from the District Court of Rapides, *Brewer, J.*, presiding. *O. N. Ogden*, for the plaintiff. *Boyce*, appellant, *pro se*. The judgment of the court was pronounced by

EUSTIS, C. J. This action is brought by the plaintiff in her own right as surviving wife, and as executrix of the last will, and tutrix of the minor children, of the late *Gilbert Vance*. She alleges herself to be the owner of a certain promissory note, dated at New Orleans on the 1st May, 1834, payable five years after date, and drawn by the defendant, in favor of *Thomas Barrett*, for the sum of $4,600, with ten per cent interest after maturity until paid. The note was payable at the counting house of *Thomas Barrett & Co.* in New Orleans, and was protested for non-payment. It bears the endorsement of *Thomas Barrett*, and *Thomas Barrett & Co.* in liquidation. There was judgment for the plaintiff, and the defendant has appealed, and has argued his case, orally and in writing, in person.

It appears that the note was discounted by the Merchants Bank in New Orleans, which acted as agent of the Bank of the United States, and the proceeds were carried to the credit of *Gilbert Vance*, who was the last endorser. This appears by the discount record. The witness examined for the defendant thinks that the proceeds of this were used, with the proceeds of other notes discounted for *Vance*, in taking up paper, held for the account of the Bank of the United States, of which *T. Barrett & Co.* were the drawers, and *Gilbert Vance*, the endorser; but the witness, not having access to the books of the bank, cannot speak positively as to how the proceeds of the note were used.

On the trial of the cause the defendant made an affidavit for a continuance, in which he stated that he expected to prove that *Gilbert Vance* was an accommodation endorser, and designated the commissioners who have charge of the books of the bank, as having the means of ascertaining the fact, by affording access to the books, and thereby showing the relation in which *Vance* stood to this paper. The court below held that the defendant was not entitled to a continuance, but required the plaintiff to make certain admissions, one of which was that the commissioners of the Merchants Bank would swear that, from entries made in the books of the Merchants Bank in their possession, it appears that *Gilbert Vance* endorsed the note sued on, as an accommodation endorser for *Thomas Barrett & Co.* in liquidation. To this decision the plaintiff, as well as the defendant, excepted, and this admission must be considered as part of the evidence on which the suit was tried.

The books of the Merchants Bank could only show the disposition made of the proceeds of discounts, and the apparent relations of parties as exhibited by the notes and bills in which the bank operated. The theory of accommodation paper the commissioners might not be sufficiently conversant with, to enable them to state with precision what state of facts creates the relation of an ac-

VANCE
v.
BOYCE.

commodation endorser. Such enquiry might depend on a question of law ; and, at all events, the books of a bank, unless they were the record of all the necessary facts on which the relation depended, would not prove a party to a note discounted to be an accommodation party. In giving, therefore, the defendant the whole benefit he is entitled to from this admission, which was exacted from the plaintiff under an application for a continuance, we may admit, what the witness, *Mr. Frazier*, thought the books would prove, that the proceeds of this note, and others discounted for *Gilbert Vance*, were used in taking up paper held for account of the Bank of the United States, of which *Thomas Barrett & Co.* were the drawers, and *Vance* the endorser. Judgment for the sum of $4,392 60 was rendered against her at the suit of the receivers of the Bank of the United States, with interest and costs of protest, which judgment was paid by the plaintiff.

The defence urged against her right to recover is that, before the note fell due, the defendant was, and still is, a creditor of *Thomas Barrett* and *Thomas Barrett & Co.*, for an amount greater than that of the note sued on, which the defendant pleads in compensation of the note ; but the allegation is of such a character that under it no court of justice could award to him a sous ; * and if it were true, would be no defence against the recovery of the amount by the widow and heirs of *Vance,* who put his name on the note on the faith of the signature of the defendant. *Neuman* v. *Goza, ante* p. 642.

The defendant has endeavored to bring into this defence matters which relate exclusively to the concerns of the Bank of the United States and the Merchants Bank, and which can have no connection with the controversy between the present parties ; and, in relation to the other points which have been presented by the defendant in his written argument, we have examined them all, and find them entirely untenable.                                  *Judgment affirmed.*

---

* The answer alleged that " before the note fell due defendant was, and still is, a creditor *Thomas Barrett* and *Thomas Barrett & Co.*, for an amount exceeding that of the note sued on," without specifying the amount of the credit.—R.